## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                              **No. 19-244**

**DEVIN WEAVER**                                                            **SECTION I**

## ORDER & REASONS

Before the Court is defendant Devin Weaver's motion[1] for acquittal. The government opposes[2] the motion.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)). A review of the sufficiency of the evidence is "highly deferential" to the jury's verdict, and all reasonable inferences and credibility choices are to be made in support of a conviction. *United States v. Isgar*, 739 F.3d 829, 835 (5th Cir. 2014). The reviewing court "must assume that the evidence offered by the prosecution is true." *Lopez-Monson*, 850 F.3d at 206 (citing *United States v. Rojas Alvarez*, 451 F.3d 320, 326 (5th Cir. 2006)). The jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt. *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014) (citations omitted).

---

[1] R. Doc. No. 163.
[2] R. Doc. No. 167.

When considering a motion for judgment of acquittal, the reviewing court "only ascertains whether the jury made a 'rational decision,' not 'whether the jury correctly determined guilt or innocence.'" *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) (quoting *Lopez-Monzon*, 850 F.3d at 206). "To uphold the conviction, there is no requirement that the evidence exclude every possible 'hypothesis of innocence.'" *Id.* "[A]ny conflict in the evidence must be resolved in favor of the jury's verdict." *United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017) (quoting *United States v. Lundy*, 676 F.3d 444, 448 (5th Cir. 2012)). "If the jury was presented with sufficient evidence to support its verdict, the verdict must be upheld." *Zamora-Salazar*, 860 F.3d at 832.

The Court, in considering the parties' memoranda and viewing the evidence in the light most favorable to the prosecution, concludes that a reasonable jury could have found the essential elements of the offense to be satisfied beyond a reasonable doubt. Accordingly,

**IT IS ORDERED** that the motion for acquittal is **DENIED**.

New Orleans, Louisiana, August 5, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**