UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 19-244 |
| DEVIN WEAVER | SECTION I |

### ORDER AND REASONS

Before the Court is a "motion[1] to dismiss indictment/case" filed by defendant Devin Weaver ("defendant"). Defendant has previously been tried and convicted,[2] and the substance of the motion asks for vacatur of defendant's sentence.[3] Accordingly, the Court construes this motion as a successive petition to vacate a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court transfers the motion to the U.S. Fifth Circuit Court of Appeals for a determination of the sufficiency of the petition pursuant to 28 U.S.C. §§ 1631 and 2244.

### I. BACKGROUND

In December 2021, defendant was charged in a superseding indictment.[4] Count 1 charged defendant with aiding and abetting a carjacking in violation of 18 U.S.C. §§ 2119(1) and (2).[5] Count 2 charged defendant with aiding and abetting the

---

[1] R. Doc. No. 243.
[2] R. Doc. No. 153.
[3] R. Doc. No. 243.
[4] R. Doc. No. 85.
[5] *Id.* at 1.

1

brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2).[6] Count 3 charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (2).[7]

Prior to trial, co-defendant Tommie Mango ("Mango") pleaded guilty to carjacking and brandishing a firearm in furtherance thereof.[8] The Fifth Circuit found, in relevant part, that the evidence at trial was sufficient to show the following:

> There is no dispute that a carjacking occurred, and Mango's testimony established Weaver's knowing and active participation in the offense and his undertaking of acts in support. The evidence was that Weaver suggested the robbery, helped create the disguises, berated Mango for hesitating when they found their potential victim, assisted in the getaway and attempt to get rid of evidence in the car, fled from the scene when discovered by police, and tried after the fact to get Mango to lie for him and take sole responsibility for the offense.[9]

The jury found defendant guilty on all three counts.[10] Defendant thereafter moved for a judgment of acquittal.[11] His motion challenged the sufficiency of the evidence supporting his convictions.[12] The Court denied the motion[13] and subsequently sentenced defendant to 168 months in prison as well as three years of supervised release.[14]

---

[6] *Id.* at 2.
[7] *Id.*
[8] R. Doc. No. 131.
[9] Fifth Cir. Case No. 22-30794, R. Doc. No. 90-2, at *3.
[10] R. Doc. No. 153.
[11] R. Doc. No. 163.
[12] R. Doc. No. 163-1, at 2.
[13] R. Doc. No. 168.
[14] R. Doc. No. 194, at 2–3.

Defendant appealed.[15] He sought reversal of all three convictions by challenging the sufficiency of the evidence supporting his convictions.[16] The Fifth Circuit found that sufficient evidence supported defendant's carjacking conviction and it affirmed defendant's three convictions.[17] It held that, "[v]iewed in the light most favorable to the Government, ample evidence support[ed] the jury[] finding Weaver guilty of aiding and abetting carjacking."[18] It also concluded that "Mango's testimony was corroborated by significant circumstantial evidence."[19]

On May 13, 2025, defendant filed a petition[20] to vacate his sentence pursuant to 28 U.S.C. § 2255. After this Court denied[21] defendant's petition, on August 26, 2025, defendant filed a notice[22] of appeal of the denial to the U.S. Court of Appeals for the Fifth Circuit. The Fifth Circuit has not yet decided defendant's appeal.

On September 10, 2025, defendant filed the motion[23] now before the Court, petitioning that his sentence to be vacated on the ground that "President Donald J. Trump's Executive Order 14206 (which is retroactive) and the Supreme Court's

---

[15] R. Doc. No. 192.
[16] Fifth Cir. Case No. 22-30794, R. Doc. No. 90-2, at *2.
[17] *Id.* at *1–2.
[18] *Id.* at *3. Defendant focused his argument on appeal on the sufficiency of the evidence on the charge of aiding and abetting carjacking, arguing that reversal of that conviction would require reversal of the other charges as well. *Id.* at *2 n.1. Because of this, the Fifth Circuit did not separately address the sufficiency of the evidence to convict defendant on the other two counts. *Id.*
[19] *Id.* at *4.
[20] R. Doc. No. 225.
[21] R. Doc. No. 236.
[22] R. Doc. No. 241.
[23] R. Doc. No. 243.

August 26, 2025, ruling that all gun laws are unconstitutional" require vacatur of his sentence.[24] Defendant also alleges that the Court unconstitutionally enhanced his sentence, which also requires vacatur of his sentence.[25]

As discussed above, the Court construes this as a petition to vacate a sentence pursuant to 28 U.S.C. § 2255. Importantly, defendant's petition was not accompanied by a certification from the Fifth Circuit Court of Appeals as required for successive petitions filed pursuant to § 2255.[26]

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The petitioner bears the burden of proving his claim by a preponderance of the evidence. *United States v. Boudrant*, 689 F.2d 1246, 1251 (5th Cir. 1982); *United States v. Moreno*, 2019 WL 4572795 at *1 (E.D. La. 2019). However, courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

---

[24] *Id.* at 1.
[25] *Id.* at 2.
[26] *See id.*

4

A habeas petition is successive when it raises claims that could have been raised in an earlier petition. *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). Pursuant to § 2255(h), "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

When a habeas petition is filed in a district court, that district court has jurisdiction to determine whether the petition is "second or successive." *See Rivers v. Lumpkin*, 99 F.4th 216 (5th Cir. 2024). If it is a second or successive petition, it is proper for the district court to transfer the petition to the Court of Appeals. *See, e.g., id.*; *Watts v. Tanner*, 697 F. App'x 267 (5th Cir. 2017).

### III. ANALYSIS

Defendant's petition raises claims that could have been brought in defendant's first habeas petition.[27] Defendant bases his claim for relief on Executive Order 14206 and an unnamed U.S. Supreme Court opinion.[28] To the extent defendant relies on Executive Order 14206, that Order was executed on February 7, 2025, more than three months before defendant's first habeas petition.[29] In support of his petition, defendant also relies on a nonexistent August 26, 2025 U.S. Supreme Court opinion which states that "all gun laws are unconstitutional."[30] However, the Supreme Court did not issue any decisions on that date.[31] The most recent case in which the Supreme Court rendered a decision on the permissibility of gun regulations was *Bondi v. Vanderstok*,[32] in which the Court held on March 26, 2025, that the Bureau of Alcohol, Tobacco, Firearms and Explosives could permissibly regulate some weapons parts kits. To the extent defendant relies on this, or any other Supreme Court case regarding the constitutionality of gun regulations, those cases all occurred prior to defendant's May 13, 2025 filing of his first habeas petition.[33] Because the claim in the

---

[27] R. Doc. No. 225.
[28] R. Doc. No. 243.
[29] Executive Order 14206, The American Presidency Project (Feb. 7, 2025), https://www.presidency.ucsb.edu/documents/executive-order-14206-protecting-second-amendment-rights.
[30] *Id.* at 1.
[31] Opinions of the Court – 2024, Supreme Court of the United States, https://www.supremecourt.gov/opinions/slipopinion/24 (last visited Oct. 3, 2025).
[32] 604 U.S. 458 (2025).
[33] Gun Rights / Gun Control Supreme Court Cases, Justia, https://supreme.justia.com/cases-by-topic/gun-rights/ (last visited Oct. 3, 2025).

present habeas petition could have been brought in defendant's first habeas petition, defendant's motion is best construed as a successive habeas petition.

Defendant filed his motion with this Court without the required certification from the U.S. Fifth Circuit Court of Appeals.[34] 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Therefore, this Court is without jurisdiction to rule on the merits of defendant's petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

Accordingly,

**IT IS ORDERED** that the petition is hereby **TRANSFERRED** to the U.S. Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this U.S. District Court.

New Orleans, Louisiana, October 6, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[34] *See id.*