UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 19-244** |
| **DEVIN WEAVER** | **SECTION I** |

### ORDER AND REASONS

Before the Court is *pro se* defendant Devin Weaver's ("Weaver") motion[1] for post-conviction relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b)"). Weaver requests that this Court vacate its July 2025 Order denying his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (the "July 2025 judgement"). Because the Court concludes that Weaver's present Rule 60(b) motion is a successive petition for relief pursuant to 28 U.S.C. § 2255, the motion is transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.

### I.

On December 17, 2021, Weaver was charged in a three-count superseding indictment.[2] Count one charged that on or about August 21, 2019, Weaver took a motor vehicle by force, violence, and intimidation, with intent to cause death and serious bodily harm in violation of 18 U.S.C. § 2119(1) ("carjacking") and § 2 ("aiding and abetting").[3] Count two charged that on or about August 21, 2019,

---

[1] R. Doc. No. 262.
[2] R. Doc. No. 85
[3] *Id*. at 1.

Weaver knowingly brandished, carried, and used a firearm during and in relation to a crime of violence, to wit: carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2.[4] Count three charged that Weaver, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, with said firearm having been in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1) ("felon in possession"), § 924(a)(2), and § 2.[5]

On July 12, 2022, a jury found Weaver guilty of all three counts.[6] Shortly thereafter, Weaver moved for a judgment of acquittal and challenged the sufficiency of the evidence supporting his convictions.[7] On August 5, 2022, this Court denied the motion for acquittal.[8]

On December 14, 2022, this Court sentenced Weaver to a total term of 168 months imprisonment for all three counts, and three years of supervised release.[9]

In short order, Weaver appealed to the Fifth Circuit,[10] seeking a reversal of all three convictions, arguing that the two firearm counts were predicated on his carjacking conviction and that there was insufficient evidence to support his conviction on that count. On February 14, 2024, the Fifth Circuit entered judgment

---

[4] *Id.* at 2.
[5] *Id.*
[6] R. Doc. No. 237, at 3.
[7] *See* R. Doc. No. 163-1.
[8] R. Doc. No. 168.
[9] R. Doc. No. 194, at 2–3. Weaver was sentenced to 84 months, to run concurrently as to counts one and three, and 84 months as to count two, to run consecutively to the sentences imposed for counts one and three.
[10] R. Doc. No. 192.

2

finding that there was sufficient evidence to support Weaver's carjacking conviction and affirmed his convictions on all three counts.[11]

On May 13, 2025, Weaver filed with this Court his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and prosecutorial misconduct in withholding "beneficial evidence."[12] This Court denied Weaver's § 2255 motion, finding that Weaver's proffered evidence, and the trial and appellate records, did not support his ineffective assistance of counsel or *Brady* violation claims.[13] Weaver then appealed this Court's decision to the Fifth Circuit.[14] The Fifth Circuit denied Weaver's appeal on October 14, 2025, for a failure to prosecute.[15]

On September 10, 2025, Weaver filed a subsequent motion to vacate, set aside, or correct his sentence pursuant to § 2255,[16] based on Executive Order No. 14206, 90 C.F.R. 9503 (2025) and Amendment 821 to the United States Sentencing Guidelines, effective November 1, 2023. As Weaver's September 2025 motion was a successive motion to vacate pursuant to § 2255, this Court transferred the motion to the Fifth Circuit for authorization to file a successive habeas application.[17] Thereafter, on

---

[11] *United States v. Weaver*, No. 22-30794, 2024 WL 616859, at *1, 2 (5th Cir. Feb. 14, 2024).
[12] *See* R. Doc. No. 225, at 14–23; *see also* R. Doc. 237, at 4.
[13] R. Doc. No. 236, at 8–9, 12–13, 17–21.
[14] R. Doc. No. 241.
[15] R. Doc. No. 248; *United States v. Weaver*, No. 25-30487, R. Doc. No. 11 (5th Cir. Oct. 14, 2025).
[16] R. Doc. No. 243. Weaver stylized his motion as a "motion to dismiss," however, this Court construed Weaver's motion as pursuant to 28 U.S.C. § 2255 based on Weaver's request that this Court vacate his sentence.
[17] R. Doc. No. 247.

3

December 15, 2025, the Fifth Circuit dismissed Weaver's appeal for failing to comply with the court's ordered deadlines, pursuant to Fifth Circuit Rule 42.[18]

On December 19, 2025, Weaver filed the present Rule 60(b) motion, seeking to vacate this Court's July 2025 judgment[19] denying Weaver's first § 2255 motion.

## II.

Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void . . . [or for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Courts must distinguish between motions brought pursuant to Rule 60(b) and petitions seeking relief pursuant to 28 U.S.C. § 2255 to ensure that petitioners do not use Rule 60(b) motions to "make an end-run around [§ 2255]'s exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018); *see United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)) (requiring that habeas petitions filed pursuant to § 2255 receive prior authorization from a federal court of appeals before a defendant may file a "second or successive" application in federal district court).

A defendant's motion for relief is properly brought pursuant to Rule 60(b) if the defendant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Patton*, 750 F. App'x at

---

[18] R. Doc. No. 257; *United States v. Weaver*, No. 25-30588, R. Doc. No. 6 (5th Cir. Dec. 15, 2025).
[19] R. Doc. No. 237.

4

263 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). To succeed on a Rule 60(b)(6) motion in a federal habeas proceeding, the movant must show "a non-merits-based defect in the district court's earlier decision." *In re Edwards*, 865 F.3d 197, 204 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (citing *Ballantine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). A Rule 60(b) motion is not considered a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

"Where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (cleaned up) (citing *Gonzalez*, 545 U.S. at 532 & n. 4). The Supreme Court has explained that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

### III.

Weaver argues that this Court's judgment on his first § 2255 motion should be vacated and set aside pursuant to Federal Rule 60(b)(6).[20] Weaver's present motion takes issue with the evidentiary basis on which he was convicted and later sentenced, asserting that his case "Involves an Unreliable Record that contains Criminal History Record Information which lacks Integrity and Completeness [sic]," without further

---

[20] R. Doc. No. 262, at 1.

judicial review "the Heabeas Record [sic] will always have an incompleteness," and that "[his] Presumption of Innocence had already been destroyed as shown by the Indictment as well as the Irrelevant Evidence introduced [sic]."[21] Weaver does not provide any factual support beyond these broad contentions to advance his position.[22]

## IV.

The Court understands Weaver's arguments to present a substantive challenge to the validity and merit of this Court's decision on his first § 2255 motion, rather than a procedural challenge. Accordingly, this Court must construe Weaver's Rule 60(b) motion as a successive § 2255 petition. *See Gonzalez*, 545 U.S. at 534 ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."); *United States v. Hill*, 202 F. App'x 712, 713 (5th Cir. 2006) ("Because [the defendant] is challenging the validity of his underlying sentence, his [Rule] 60(b)(4) motion should have been construed as a successive 28 U.S.C. § 2255 motion."). Weaver previously advanced arguments challenging the sufficiency of the evidentiary record,[23] which this Court[24] and the Fifth Circuit[25] considered on the merits. Weaver also advanced, and this

---

[21] *Id.* at 3–4.
[22] Weaver's motion is difficult to follow, at best. However, the Court has applied its best efforts to equitably interpret Weaver's arguments in light of his *pro se* status.
[23] R. Doc. No. 163, at 4 (seeking acquittal based on insufficient evidence).
[24] R. Doc. No 168, at 2 (denying motion for acquittal).
[25] *Weaver*, 2024 WL 616859, at *1, 2 (affirming that "ample evidence support[ed] the jury's finding" of guilt).

Court rejected, similar arguments in his first habeas petition.[26] *See In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) (citing *Edwards*, 865 F.3d at 203) ("A petition is successive when it 'raises a claim . . . that was or could have been raised in an earlier petition.'"). Considering the fact that Weaver's Rule 60(b) motion "attacks the district court's merits-based resolution . . . it is best viewed as a second or successive petition." *Id.* at 864.

Weaver's assertion that the record contains criminal history information lacking "integrity" also does not present any specific argument as to why there was "some defect in the integrity of the federal habeas proceedings" warranting reconsideration. *See Gonzalez*, 545 U.S. at 532 n.5 (explaining the "defect" must occur in the habeas court proceedings not the trial court, for example a witness providing a fraudulent basis for refusing to attend the habeas hearing). Furthermore, this Court is not aware that any such defect occurred during Weaver's first habeas petition.[27]

---

[26] R. Doc. No. 225, at 2 (requesting relief due to "the balance of evidence . . . [because] evidence did not favor guilt over innocence"); R. Doc. No. 236, at 22 (denying Weaver's § 2255 motion as "meritless").

[27] Even if this Court did not construe Weaver's motion as a successive habeas petition, and retained jurisdiction over the claim as a Rule 60(b) motion, it would undoubtedly conclude that Weaver failed to establish "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context," *id.*, and Weaver has failed to provide this Court with any basis for finding "extraordinary circumstances" beyond his conclusory statements that such circumstances exist.

In support of his motion, Weaver cites *Andrew v. White*, 604 U.S. 86, 96 (2025) (holding that Due Process protects against the introduction of unduly prejudicial evidence rendering a criminal trial fundamentally unfair) and *Williams v. Taylor*, 529 U.S. 362, 367 (2000) (finding that a Virginia Supreme Court decision refusing to set aside a death sentence, despite a trial court finding the prisoner did not receive

## V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

New Orleans, Louisiana, January 26, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

effective assistance of counsel, must be set aside). Neither case is persuasive as this Court has already concluded that Weaver received a fair trial and that Weaver was not prejudiced by ineffective assistance of counsel. *See* R. Doc. No. 236, at 8, 10, 13, 19, 21.

Weaver also cites, without any applicable analysis, cases that are irrelevant or inapposite to his claims. *See, e.g.*, *Klapprott v. United States*, 335 U.S. 601, 612 (1949) (finding that "a person's citizenship should be revoked only after evidence has established that the person has been guilty of prohibited conduct justifying revocation"); *Morrissey v. Brewer*, 408 U.S. 471, 485 (concerning the minimum due process requirements for parole revocation); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (concerning parole decisions and finding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *Ex parte Siebold*, 100 U.S. 371 (1879), *abrogated by*, *Jones v. Hendrix*, 599 U.S. 465, 471 (2023) (holding that statutory claims attacking a prisoner's sentence may not circumvent requirements for second or successive § 2255 motions).