**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 19-244** |
| **DEVIN WEAVER** | **SECTION I** |

**ORDER**

Before the Court is a petition[1] to vacate, set aside, or correct a sentence filed by defendant Devin Weaver ("Weaver") pursuant to 28 U.S.C. § 2255. He raises the following grounds for relief: (1) newly discovered evidence and (2) ineffective assistance of counsel.[2]

A review of federal court records reflects that this is not Weaver's first § 2255 petition challenging his sentence. He filed his first § 2255 petition[3] in this Court on May 13, 2025, in which he asserted the following grounds for relief: (1) ineffective assistance of counsel for failure to object during closing arguments, (2) ineffective assistance of counsel for failure to conduct a pretrial investigation, (3) ineffective assistance of counsel for failure to object to the presentence report and to cite to the trial transcript in his motion for judgment of acquittal, (4) prosecutorial misconduct for failure to disclose beneficial evidence, (5) ineffective assistance of counsel for

[1] R. Doc. No. 296.
[2] R. Doc. No. 296-1, at 6–7.
[3] R. Doc. No. 225.

failure to discuss a plea officer, and (6) ineffective assistance of appellate counsel.[4] The Court denied the petition on the merits[5] and dismissed it with prejudice.[6]

Weaver then filed a 28 U.S.C. § 2241 habeas petition[7] in the United States District Court for the Western District of Virginia on September 4, 2025. He claimed that his case should be dismissed pursuant to Exec. Order No. 14206, 90 C.F.R. 9503 (2025), and an unspecified Supreme Court ruling.[8] The court dismissed his petition.[9]

Weaver also filed a motion[10] for authorization to file a successive § 2255 petition in the United States Court of Appeals for the Fifth Circuit on September 5, 2025. He argued that his conviction (1) violated his due process and equal protection rights and (2) was unconstitutional pursuant to *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).[11] The Fifth Circuit denied the motion.[12]

Weaver also filed a motion[13] to dismiss his case in this Court on September 10, 2025, arguing that Exec. Order No. 14206, 90 C.F.R. 9503 (2025), an unspecified Supreme Court case, and Amendment 821 to the United States Sentencing Guidelines required that his conviction be vacated.[14] This Court construed his motion

---

[4] *Id.* at 14–23.
[5] R. Doc. No. 236, at 23.
[6] R. Doc. No. 237.
[7] *Weaver v. Gillery*, No. 25-622, R. Doc. No. 1 (W.D. Va.).
[8] *Id.* at 1.
[9] *Weaver v. Gillery*, No. 25-622, R. Doc. No. 2, at 4 (W.D. Va. May 11, 2026).
[10] *In re Weaver*, No. 25-30499, R. Doc. No. 2-1 (5th Cir.).
[11] *Id.* at 2–3, 9.
[12] *In re Weaver*, No. 25-30499, R. Doc. No. 18-1, at 2 (5th Cir. Nov. 5, 2025).
[13] R. Doc. No. 243.
[14] *Id.* at 1–2.

as a successive § 2255 petition and transferred it to the Fifth Circuit.[15] The Clerk of the Fifth Circuit dismissed his motion for authorization for failure to comply with the court's deadlines.[16]

Weaver then filed another motion[17] in this Court on December 19, 2025, this time requesting relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He argued that his sentence should be vacated "to accomplish justice."[18] The Court again construed the motion as a successive § 2255 petition and transferred it to the Fifth Circuit.[19] The Clerk of the Fifth Circuit dismissed his motion for authorization for failure to comply with the court's deadlines.[20] He then filed a second motion[21] for authorization under the same case number, which the Fifth Circuit also dismissed.[22] In its order, the Fifth Circuit cautioned Weaver "that the future filing of repetitive or frivolous motions may result in sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction."[23] Weaver then filed a § 2255 petition[24] under the same case number in the Fifth Circuit on September 14, 2026, in which he made the same legal arguments that he raises in the § 2255 petition presently before this

[15] R. Doc. No. 247, at 1, 7.
[16] R. Doc. No. 257; *In re Weaver*, No. 25-30588, R. Doc. No. 6-2 (5th Cir. Dec. 15, 2025).
[17] R. Doc. No. 262.
[18] *Id.* at 5.
[19] R. Doc. No. 271, at 1, 8.
[20] R. Doc. No. 278; *In re Weaver*, No. 26-30050, R. Doc. No. 6-2 (5th Cir. Mar. 30, 2026).
[21] *In re Weaver*, No. 26-30050, R. Doc. No. 10 (5th Cir.).
[22] *In re Weaver*, No. 26-30050, R. Doc. No. 25-2, at 2 (5th Cir. May 21, 2026).
[23] *Id.*
[24] *In re Weaver*, No. 26-30050, R. Doc. No. 28-1 (5th Cir.).

Court.[25] The Clerk of the Fifth Circuit took no action on the petition because the case he filed it under had already been dismissed.[26]

The instant motion is a prohibited second or successive petition pursuant to 28 U.S.C. §§ 2244, 2255. Before Weaver's petition can be addressed by this Court, he must obtain authorization to file a second or successive petition from the Fifth Circuit. To do so, he must make a prima facie showing that there is either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A search of the docket records of the Fifth Circuit does not reflect that Weaver has obtained the required authorization. Until such time as Weaver has done so, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Weaver's § 2255 petition be construed in part as a motion for authorization for the Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the motion is **TRANSFERRED** to the Fifth Circuit pursuant to 28 U.S.C. § 1631 for that court to determine whether Weaver is authorized pursuant to 28 U.S.C. §§ 2244(b), 2255(h) to file the instant

---

[25] *Id.* at 3.
[26] *In re Weaver*, No. 26-30050, R. Doc. No. 28-2 (5th Cir.).

petition in this Court. Weaver is placed on notice that any future filings in this Court of a repetitive or frivolous nature related to his conviction will be sanctioned.

New Orleans, Louisiana, September 24, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**